ISAIAH STETSON & wife *vs.* CHARLES HOWLAND & another.

The plaintiff sued the defendant for entering upon his land and digging a ditch there. The defendant justified on the ground that he only cleared out an ancient ditch, as he had a right to do, to drain his own land above the plaintiff's. The plaintiff formerly owned the defendant's land, and sold the same to him; and C. formerly owned the plaintiff's land. *Held,* that declarations of the plaintiff to the defendant, while owner of the defendant's land, and while negotiating the sale of it to the defendant, that he had a right to drain it over C.'s land, were admissible in evidence.

HOAR, J. In an action of tort for entering on the plaintiffs' land and digging a ditch, the defendant Howland offered to show that he owned a close above the plaintiffs', and had as appurtenant thereto an easement of drainage over the plaintiffs' land, through an ancient ditch; and that it was his exercise of his lawful right to clear out this ditch, which was the wrong complained of. It appeared that the defendant bought his close of the plaintiff Isaiah Stetson, in 1842, at a time when one Cole owned the land now belonging to the plaintiff or his wife. Howland was permitted to testify, "that before the purchase, and while negotiating for it, the said Isaiah Stetson told him several times that he had a right to drain his said lot through said Cole's land;" and to the admission of this testimony the plaintiffs except. We think the evidence was properly admitted. Isaiah Stetson being a party to the suit, his declarations and admissions were a competent species of evidence. As the defendants relied upon the existence of the ancient drain, the fact to be established was one which could be proved by parol evidence. It is urged on behalf of the plaintiffs that the declaration of Stetson only amounted to the assertion of a personal right, and was not even a claim of an easement appurtenant

to the land. But as the statement was made by him in the course of the negotiation for the sale of the land to Howland, and apparently as an inducement to him to purchase it, it was properly left to the jury to determine whether he intended something which would pass by the conveyance.

*Exceptions overruled.*

*P. Simmons*, for the plaintiffs.
*F. Ames*, for the defendant.